IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN LYNN<br>13193 Hampton Club Drive<br>North Royalton, Ohio 44133<br><br>Plaintiff,<br><br>vs.<br><br>I. & M. J. GROSS COMPANY<br>D.B.A. Gross Residential<br>C/O Gary L. Gross, Statutory Agent<br>14300 Ridge Road, Ste 100<br>North Royalton, Ohio, 44133<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO:<br><br>JUDGE:<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT**<br><br><br><br>(Jury Demand Endorsed) |

Plaintiff Darren Lynn, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

## PARTIES

1. Lynn is an individual residing in Cuyahoga County, Ohio.

2. Defendant I & M. J. Gross Company is a domestic corporation with its principal place of business located in North Royalton, Ohio.

3. At all times referenced herein, Defendant operated under the trade name "Gross Residential."

4. During all times material to this Complaint, Defendant was Lynn's "employer" within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d).

## PERSONAL JURISDICTION

5. Defendant hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendant comports with due process.

6. Lynn performed work in this judicial district, was paid unlawfully by Defendant pursuant to work performed in this district and/or was hired out of this district.

7. This cause of action arose from or relates to the contacts of Defendant with Ohio residents, thereby conferring specific jurisdiction over Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Lynn's state law claims because those claims derive from a common nucleus of operative facts.

10. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and all of the wrongs herein alleged occurred in this District.

## COVERAGE

11. Defendants operate and control an enterprise and employ employees engaged in interstate commerce or, or have had employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. At all times relevant to this Complaint, Defendant was an enterprise "engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(A)(ii), because it had gross operating revenues in excess of $500,000.00.

13. At all times relevant to this Complaint, Lynn's work regularly involved him in commerce between the states by regularly using telephonic and internet communications to order supplies and equipment located both inside of and outside of Ohio for Defendant's use.

## FACTS

14. Lynn is a former employee of Defendant.

15. Lynn was employed by Defendant as a "Maintenance Manager."

16. Despite the title "manager," Lynn had no ability to hire employees for Defendant.

17. Lynn never hired anyone to work for Defendant.

18. Despite the title "manager," Lynn had no ability to fire employees for Defendant.

19. Lynn never fired anyone from their employment with Defendant

20. Despite the title "manager," Lynn's job duties did not require Lynn to exercise discretion or independent judgment with respect to matters of significance regarding Defendant's business.

21. Lynn did not exercise discretion or independent judgment with respect to matters of significance regarding Defendant's business during his employment with Defendant.

22. Until approximately July of 2020, Defendant paid Lynn a salary.

23. At all times while Lynn was paid a salary, he regularly worked in excess of 40 hours per week.

24. Defendant did not pay Lynn overtime when he worked in excess of 40 hours per week.

25. Defendant unlawfully took any hours Lynn worked in excess of 40 hours per week and "banked" them for use as Paid Time Off ("PTO"), comp time, and/or vacation time.

26. Defendants' time banking practice violated the FLSA and the Ohio Minimum Fair Wage Standards Act.

27. Upon information and belief, Defendant knew that it is unlawful for private employers to "bank" their employee's overtime hours but did so anyways, willfully violating the FLSA.

28. It is well established that private employers, such as Defendant, cannot "bank" their employee's overtime hours. See 29 U.S.C 207(o); *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir.2012).

29. One may easily learn that it is unlawful for private employers to "bank" their employee's overtime hours by doing a simple search on the internet.

30. Upon information and belief, Defendant failed to verify that the unlawful practices described herein complied with the FLSA.

31. Alternatively, and upon information and belief, Defendant knew that the unlawful practices described herein violated the FLSA but continued to bank Lynn's time anyways.

32. In or around July of 2020, Defendant switched Lynn from being paid on a salary basis to paying Lynn on an hourly basis.

33. Nothing had changed about Lynn's job duties when he was switched from salary to hourly.

34. After changing Lynn's compensation to hourly, Defendant began to pay Lynn overtime when Lynn worked more than 40 hours in a single week.

35. To date, Defendant has not paid Lynn overtime for any of the hours Defendant had banked.

36. Defendant violation of the FLSA was willful.

37. Defendant violated the FLSA without a good faith belief that their time banking practices were lawful.

38. In or around September of 2020, Lynn resigned his employment with Defendant.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
## (29 U.S.C. § 207).

39. Lynn restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

40. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

41. Lynn was not exempt from the right to receive overtime pay under the FLSA.

42. Lynn is entitled to be paid overtime compensation for all overtime hours worked.

43. Defendant failed and refused to pay overtime to Lynn for the hours he worked in excess of 40 hours per week while Lynn was being paid a salary.

4

44. As a result of Defendants' failure to properly compensate Lynn at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

45. Lynn is entitled to damages in the amount of his unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including his attorneys' fees and costs.

46. At all times relevant to this action, Defendants willfully failed and refused to pay Lynn overtime wages (of time and one-half of at least the applicable Ohio minimum wage), as required by the FLSA, in amounts to be proven at trial.

47. Defendants either recklessly failed to investigate whether their failure to pay Lynn an overtime wage (of time and one-half of at least the applicable Ohio minimum wage) for all of the overtime hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Lynn to believe that Defendants were not required to his overtime wages, and/or Defendants concocted a scheme pursuant to which they deprived Lynn of the overtime pay he earned.

48. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. Lynn requests recovery of his attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

## COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq.*

50. Lynn restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. *See* O.R.C. §§ 4111.01, *et seq*.

52. During all times material to this Complaint, Defendants were covered employers required to comply with the OMFWSA's mandates.

53. During all times material to this Complaint, Lynn was a covered employee entitled to individual protection of the OMFWSA.

54. Defendants violated the OMFWSA with respect to Lynn by failing to pay Lynn overtime compensation for any hours he worked over forty (40) in a week.

55. As a direct and proximate result of Defendants' unlawful conduct, Lynn has suffered and will continue to suffer a loss of income and other damages.

56. Having violated the OMFWSA, Defendants are liable to Lynn pursuant to O.R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Darren Lynn requests judgment against all Defendants and for an Order:

(a) Awarding Plaintiff unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(b) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq and the OMWFSA;

(c) Awarding pre-judgment and post-judgment interest as provided by law;

(d) Awarding reasonable attorneys' fees and costs; and

(e) Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,


*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Tina M. Scibona (0092008)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Darren Lynn*


## **JURY DEMAND**

Plaintiff Darren Lynn demands a trial by jury by the maximum number of jurors permitted.


*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**